**David RIGGINS, a.k.a. Dawud Halisi Malik, Plaintiff–Appellant,**

v.

**Dan PACHOLKE; et al., Defendants–Appellees.**

**No. 11–35609.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 17, 2012.

David Riggins, Connell, WA, pro se.

Glen Andrew Anderson, Senior Counsel, AGWA–Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM **

Washington state prisoner David Riggins, a.k.a. Dawud Halisi Malik, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir.1993), and we affirm.

The district court properly granted summary judgment because Riggins failed to raise a genuine dispute of material fact as to whether his placement in administrative segregation, reclassification to maximum security, and placement in the Intensive Management Unit implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (liberty interest arising from state law or policies "will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (inmate's transfer to a maximum-security facility with much less favorable conditions was "within the normal limits or range of custody which the conviction has authorized the State to impose"); *Smith*, 992 F.2d at 989 (the Constitution does not create a liberty interest in freedom from administrative segregation, nor does Washington state law); *In*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*re Dowell,* 100 Wash.2d 770, 674 P.2d 666, 668–69 (1984) (Washington state law does not create a liberty interest in freedom from reclassification).

Riggins's contentions that a state court judgment precludes defendants from relitigating due process issues and that the district court failed to rule on a pending discovery motion are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.